■ In the Matter of NEIL D. LEVIN, as Acting Superintendent of Banks of the State of New York, Respondent, v NATIONAR, Respondent. RICHMOND COUNTY SAVINGS BANK et al., Appellants. [634 NYS2d 73] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 23, 1995, which denied the customers' motions to compel the Superintendent of Banks to remit the proceeds of checks collected by him after he took possession of the failed bank, unanimously affirmed, without costs.

The IAS Court correctly determined that the Superintendent is entitled to withhold the proceeds of checks that the failed bank had received and forwarded for collection before being taken over, and for which the bank had given the customers provisional credit but had not received final settlement from the payor banks. Under UCC 4-213 (3), when a collecting bank receives final settlement for a check for which it has previously given its customer a provisional credit, provisional credit is automatically "firmed up" as final, at which point the bank's "agency" status terminates and it becomes a debtor to its customer for the amount of the item (UCC 4-213, Comment 9). Under UCC 4-214 (3), a bank's intervening insolvency does not interfere with this firming up process. Thus, the customers became creditors of the bank, and, as such, are required to submit their claims pursuant to the rules set forth in Banking Law § 620 *et seq.*

We reject the customers' claim that their relegation to the status of creditors amounts to an unconstitutional taking of private property for a nonpublic use, since they knowingly brought themselves within a preexisting statutory regime (*see, American Cont. Corp. v United States*, 22 US Ct Cl 692, 697). Concur—Sullivan, J. P., Ross, Williams and Tom, JJ.